**NOT FOR PUBLICATION**

**FILED**

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUIFANG ZHENG, | No. 13-74174 |
| Petitioner, | Agency No. A200-987-130 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2017[**]
San Francisco, California

Before: WALLACE, McKEOWN, and BYBEE, Circuit Judges.

Huifang Zheng, a native of China, petitions for review of the Board of

Immigration Appeals' (Board) order dismissing her appeal from an immigration

judge's (IJ) decision denying her application for asylum, withholding of removal,

and protection under the Convention Against Torture (CAT). We review factual

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings for substantial evidence and legal questions de novo. *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012) (citations omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the Board's finding that Zheng failed to establish past persecution. Although the IJ found that Zheng's family suffered economic harm as a result of the number of children Zheng's parents produced, substantial evidence supports the finding that such harm did not reduce the family to an impoverished existence. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004). Furthermore, substantial evidence supports the Board's finding that Zheng failed to establish a well-founded fear of future prosecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003).

As Zheng failed to establish eligibility for asylum, she has also failed to show she is eligible for withholding of removal, which imposes a heavier burden of proof. *Zehatye v. Gonzalez*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the Board's denial of Zheng's CAT claim because she failed to establish it is more likely than not that she would be forced to undergo a sterilization procedure at the instigation of the Chinese government, or that she would be subject to other forms of torture. *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

**PETITION DENIED.**